UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The VILLAGE OF BROADVIEW, an Illinois Municipal Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 25 C 12164 ) ) Judge Hunt |
| The U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO RESET (ADVANCE) THE HEARING ON THEIR TRO/PI MOTION**

Defendant's, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, object to the Village of Broadview's motion (Dkt. 12) to advance the hearing on their motion for a temporary restraining order or preliminary injunction from Tuesday to an earlier date, stating as follows.

1. First, this is not the litigation emergency that Broadview asserts. The fence that the village wants removed has been up for 11 days (since September 23 at least) after the Department of Homeland security erected the fence to protect federal agents, federal property, and the public from harm as well as to prevent interference with federal law enforcement. The village and ICE exchanged letters on September 26 setting out their divergent positions. It's October 4, a weekend, and there is little reason to rush *now* after the village waited more than a week to bring its motion.

2. The "emergency" that the village alleges is that there *might* be a fire *someday* in one of the buildings near the immigration processing center and that the fence gate might not be opened quickly enough for fire trucks to get through. That is certainly an issue worth considering and planning for, but it does not compare to the actual, ongoing emergency that the fence was put

up to deal with, namely the ongoing interference with, violence against, and the threat of violence against DHS personnel and others. The village could have brought this case any time after September 23 during the regular workweek if this were an emergency that could not wait a couple of business days to be litigated.

3. The village raises one new matter in its motion to advance the hearing, namely that the President has reportedly notified the State of Illinois that he will call out the National Guard to assist in protecting the Broadview facility. It is hard to see how such a peace-keeping deployment will make tearing down the fence more of an emergency.

4. In addition to permitting defendants a little time to prepare its defense and marshal the facts, keeping the Tuesday hearing date will permit consultation between the agency and its Department of Justice attorneys to see if there might be a basis to mediate or settle this dispute with the court's help. The Tuesday hearing date would make that possible. Perhaps a status call on Monday morning would be helpful to schedule such a session if the parties are agreeable.

WHEREFORE, defendants request that the motion to advance the hearing be denied, that the current schedule continue, and that the court set a short status for Monday to discuss whether the parties would be willing to attend a settlement conference

    Respectfully submitted,

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Thomas Walsh
        THOMAS P. WALSH
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5312
        thomas.walsh2@usdoj.gov