**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| The VILLAGE OF BROADVIEW, a Municipal Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| The U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director for U.S. Immigration and Customs Enforcement; and RUSSELL HOTT, in his official capacity as the Chicago Field Office Director for U.S. Immigration and Customs Enforcement, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 1:25-cv-12164

**SUPPLEMENTAL AFFIDAVIT OF MATTHEW J. MARTIN, M.S., CFO**

I, Matthew J. Martin, M.S., CFO, being first duly sworn on oath, do hereby depose and state:

1. I am employed by the Village of Broadview (the "Village") as Acting Chief of the Broadview Fire Department (the "Fire Department").

2. As the Fire Chief, I am the highest-ranking member of the Fire Department in charge of the operation of the Department. As part of my duties and training, I am familiar with the codes applicable to life-safety, fire prevention, and fire response which includes the International Fire Code 2018 ("IFC"), NFPA 101 Life Safety Code ("LSC"), adopted by the Village.

3. On or about September 23, 2025, I was made aware that at approximately 2:00 a.m. members of the Broadview Police Department, while on midnight shift, discovered a newly erected/constructed fence on Beach Street, a public street owned by the Village.

4. The fence was constructed around the perimeter of a U.S. Immigration and Customs Enforcement processing facility ("ICE Facility") located at 1930 Beach Street, Broadview, Illinois.

5. The Ice Facility does not provide medical staff.

6. Based upon measurements I took, the fence is a little over 8 feet high and 16' wide. It is held up with concrete blocks on platforms. Section D103.5 of the IFC stated in part that gates securing the fire apparatus access road shall comply with all of the following criteria which includes that where a single gate is provided, the gate width shall be not less than 20 feet.

7. The fence runs across the entirety of Beach Street, fully blocking access to any part of Beach Street and any commercial property, which includes industrial buildings housed by private businesses, that happens to be located on the south side of the fence.

8. The fence was erected without permit or warning of any kind to the Village.

9. The fence has a manually operated gate that DHS and ICE have also padlocked.

10. The very nature of the need to have ICE personnel manually open the gate delays prompt emergency response and access by the Broadview Police Department, Broadview Fire Department, or any emergency vehicle. The LSC and in particular section 7.1.10.1 Means of egress shall be continuously maintained free of all obstructions or impediments to full instant use in the case of fire or other emergency. Annex A.7.1.10: Obstructions include any physical barriers that prevent or delay emergency egress or emergency access.

11. The existence of this fence prevents the Department from mobilizing and maneuvering the required number of fire truck apparatus necessary to address a fire of any industrial

buildings located on the south side of this fence, which necessitate by its nature at least five or more, including three ladder trucks, making it a dangerous life safety issue for the public.

12. In addition, there are train tracks on the opposite side of the buildings behind the fence which restrict access by any emergency response vehicle to occur solely from the front of the buildings by way of Beach Street.

13. There is one fire hydrant within the perimeter of the fence. In case of a fire south of the fence and should the single fire hydrant be non-operational, the fence's usurping of the entirety of the street prevents the Department from running a fire hose from any other fire hydrant in the area to the fire location, which would be dropped across the ground per standard fire protocols.

14. Vehicles are routinely parked on Beach Street adjacent to the Ice Facility, within the fence. Prior to the construction of the fence, such vehicles were not parked there, nor could they be as they are encompassing the roadway. Pursuant to Section 503.4 of the International Life Safety Code Fire Apparatus roads may not be obstructed in any manner, including by way of parked vehicles.

15. The metal fence across Beach Street and its sidewalks approximately 100 feet north of the Ice Building creates a focal point at which individuals gather further creating a barrier to quick and immediate emergency response.

16. The encroachment of the fence on Beach Street continues to present a life-safety concern.

17. The Village has repeatedly requested that DHS and ICE remove the fence, including by way of a letter I prepared dated September 23, 2025 sent to Russel Hott, ICE's Chicago Field Office Director, but DHS and ICE continue to refuse to do so.

18. In addition, since this metal fence prohibiting all access to all property on Beach Street located south of the fence has been up, the Fire Department has been forced to use a smaller gate located on a vacated portion of Harvard Street in order to access the area behind the Beach Street fence when responding to calls for emergency medical assistance at or around the ICE Facility.

19. This vacated section of Harvard Street runs from S. 25th Avenue, through a privately owned parking lot, and ending at its intersection with Beach Street; the Harvard Street gate is located at this intersection. *See* **Ex. A**, Photos 1-4 (photographs of the intersection of S. 25th Avenue and Harvard Street in Broadview, Illinois, taken by Martin Scafidi, Fire Inspector for the Broadview Fire Department on October 8, 2025, are attached as **Exhibit A**).

20. This vacated section of Harvard Street, which is west of S. 25th Avenue, is private property owned by Oyster Two Illinois Owner, LLC; it does not belong to the Village.

21. The Village, furthermore, has an easement allowing access to this vacated section of Harvard Street, but only in order to "maintain, operate, repair, and replace, by itself, or its authorized agent, any poles, wires, pipes, conduits, sewer mains, water mains, or any other facility or equipment for the maintenance or operation of any utility now located in the vacated Harvard Street, as contained in "Ordinance No. 91-4 providing for the vacation of the dedicated 33 feet of Harvard Street from 25th Avenue to Beach Street recorded June 18, 1991 as document 912923218." *See* **Ex. B** (a true and correct copy of the Survey of the property located on or about 2000 S. 25th Avenue in Broadview, Illinois, is attached as **Exhibit B**).

22. The gate at the intersection of Harvard Street and Beach Street is a motorized gate that is approximately 16-17 feet wide, which is insufficient for fire apparatus pursuant to Section D103.5 of the IFC. *See* **Ex. C**, Photos 1-8 (photographs of the gate controlling the intersection between Harvard Street and Beach Street in Broadview, Illinois, taken by Martin Scafidi, Fire Inspector for the Broadview Fire Department on October 8, 2025, are attached as **Exhibit C**).

23. Access through the Harvard Street gate, moreover, is controlled by a four-digit security code. *See* **Ex. C**, Photos 1-8.

24. While the Fire Department currently possesses the key code for the Harvard Street gate, the Harvard Street gate itself is privately leased and controlled by the Government Services Administration and/or Department of Homeland Security ("DHS"), who, upon information and belief, has leased the right to control and maintain the several parking spots in the vacated section of Harvard Street for the past several years. *See* **Ex. D**, Photos 1-2 (Google Earth Photos of the gate at the intersection of Harvard Street and Broadview, Illinois, dated "October 2018" and "September 2019," are attached as **Exhibit D**).

25. In addition, upon information and belief, the Government Services Administration and/or DHS installed the subject Harvard Street gate, which it exclusively maintains and controls, in or around September of 2021.

26. In other words, upon information and belief, DHS and/or ICE, not the Village, controls access to the Harvard Street gate; and DHS and/or ICE therefore possess the power to change the key code and prohibit the Fire Department from using this gate at any time.

27. As noted, the width of the Harvard Street gate (approx. 16-17 feet) is insufficient for purposes of entry of multiple fire apparatus and vehicles. *See* **Ex. C**, Photos 1-8.

28. Besides the gate, Harvard Street's intersection with Beach Street is further obstructed the presence of vehicles parked by ICE officials on the east and west sides of Beach Street. *See* **Ex. E** (a photograph of the intersection between Harvard Street and Beach Street in Broadview, Illinois, taken by Martin Scafidi, Fire Inspector for the Broadview Fire Department on October 8, 2025, is attached as **Exhibit E**).

29. A fire apparatus entering through the Harvard Street gate already must make a very difficult hard right or left-hand turn in order to enter onto Beach Street, and the presence of these vehicles parked on the east and west sides of Beach Street only further restricts the Fire Department's ability to safely and quickly turn one fire apparatus, let alone multiple fire apparatus, onto Beach Street in response to an ongoing fire or other emergency. *See gen.* **Exs. C-E.**

30. Lastly, on October 4, 2025, the Fire Department received and responded to an emergency request for a medical emergency occurring at the ICE Facility.

31. The ambulance sent in response to this request reached the ICE Facility by using the alternate (and not preferred) route via the private parking lot on Harvard Street and through the Harvard Street gate.

32. Prior to the erection of the Beach Street fence, Broadview ambulances would enter the ICE Facility via the gate to the parking lot located on the west side of Beach Street right next to the ICE Facility. That entrance is now blocked, and all access is prohibited, by the existence of the Beach Street fence, which is locked via several padlocks. *See* previous photos of the Beach Street fence attached as Exhibit 2 to the Village's Complaint; *see*

*also* **Exhibit F**, Photos 1-4 (photographs of the Beach Street fence in Broadview, Illinois, taken by Martin Scafidi, Fire Inspector for the Broadview Fire Department, on October 8, 2025, are attached as **Exhibit F**).

33. Moreover, under the current circumstances, it has been the practice of the Fire Department to request a police escort when responding to a call for emergency assistance at or around the ICE Facility.

34. Since this request for emergency medical assistance came from the ICE Facility, I also personally accompanied the ambulance to the ICE Facility.

35. The police escort attempted to enter the ICE facility from Beach Street. When they reached the Beach Street fence and requested access to accompany the Village's Emergency Medical Technicians ("EMTs"), the ICE agents on duty were unable to grant them access because they did not personally know the code to the padlocks used to lock the Beach Street fence. *See gen.* **Ex. E.**

36. In fact, one of the ICE officers on duty said in my presence that only "certain" ICE officials at the ICE Facility knew the code for the padlocks to the Beach Street fence.

37. As a result, the ICE agents on duty were unable to grant the police escort access to the ICE Facility via the Beach Street fence, forcing them to go around and enter the ICE Facility via the Harvard Street gate.

38. This significantly delayed their ability to provide a police escort for the EMTs responding to the request for emergency medical assistance at the ICE Facility, further endangering the health, safety, and welfare of the Broadview EMTs as well as the ICE agents and detainees requesting medical assistance.

39. The sum total of these actions not only violate numerous sections of the IFC and LSC, but they also constitute an "emergency nuisance" under the Village's Municipal Code. See Village Code §§ 4-3-1, 4-3B-1-9.

40. The impediments, obstructions, and code violations described herein represent a clear, present, and continuing threat to the public health, safety, and welfare to the Village and its inhabitants, including those located at the ICE Facility.

FURTHER AFFIANT SAYETH NOT.

MATTHEW J. MARTIN, M.S., CFO

Dated: October 8, 2025

Subscribed and sworn to before me this 8th day of October, 2025.

NOTARY PUBLIC

JOYCE E SUTKUS
Official Seal
Notary Public - State of Illinois
My Commission Expires Dec 16, 2025