UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| The VILLAGE OF BROADVIEW, an Illinois Municipal Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 25 C 12164 |
| v. | ) ) | Judge Hunt |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE
TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL FILINGS**

Defendants, by Andrew S. Boutros, United States Attorney for the Northern District of

Illinois, move for leave to file a supplemental declaration in response to plaintiff's supplemental

declaration (Dkt. 30) and in support state as follows:

1.     Plaintiff Village of Broadview filed this lawsuit and a motion for a temporary

restraining order on Friday, October 3.  Dkt. 1, 10.  The motion attached a declaration from the

village's fire chief outlining his concerns that the fence that the Department of Homeland Security

erected on Beach Street would potentially prevent access by emergency services to a portion of

Beach Street.  Dkt. 10-3.

2.     Defendants responded on Monday, October 6, attaching a declaration from the local

field director explaining that the presence of the fence does not prevent or impede access by

emergency services.  Dkt. 26, 29.

3.     A day and a half after the conclusion of the hearing, the village submitted a

supplemental declaration from its fire chief, disputing some of the assertions in the declaration that

DHS submitted, along with six new exhibits.  Dkt. 30.  Considering that the court indicated that it

would decide the motion within a day or two, this post-hearing filing seems inconsistent with that schedule. That said, defendants do not object to its filing so long as they have the opportunity to address the village's concerns directly with the village and then file a response.

4.      The remaining issues relating to access to Beach Street by emergency services—the guards on Beach Street knowing the combination to the padlocks on the Beach Street fence, and parked cars potentially obstructing access to Beach Street via the Harvard Street gate—seem like issues that can be reasonably worked out without the entry of a temporary restraining order or a preliminary injunction.

5.      Allowing defendants until Monday, October 13, at noon, to submit a supplemental declaration will provide defendants adequate time to respond to the Village's supplemental affidavit and potentially conserve judicial resources by avoiding unnecessary court intervention if the remaining issues are able to be resolved.

WHEREFORE, defendants ask that they be allowed until Monday, October 13, at noon, to submit a supplemental declaration, before the court rules on plaintiff's motion for injunctive relief.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Alex Hartzler
   ALEX HARTZLER
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 886-1390
   alex.hartzler@usdoj.gov

2